UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRETT STANSBERRY,

    Plaintiff,

v.

POLICE DEPARTMENT (SPRINGDALE OH),

    Defendant.

Case No. 1:23-cv-06

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff Brett Stansberry seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Plaintiff's motion states that he has been employed at Hoff Cafeteria Xavier University since mid-October 2022. In response to the question, "How much do you earn per month?" Plaintiff states that he is "[n]ot sure" due to the University's closure for Thanksgiving and winter break. (Doc. 1 at 2, PageID 2). However, Plaintiff represents that he has significant cash on hand or funds in a savings, checking or other account. (Doc. 1 at 3, PageID 3). Additionally, Plaintiff lists no creditors or monthly debts. (*Id.*)

The undersigned takes judicial notice of the fact that U.S. Magistrate Judge Karen Litkovitz has recommended the denial of Plaintiff's application to proceed *in forma pauperis* based upon similar responses that Plaintiff made in one of two prior cases initiated in this Court, *Stansberry v. Pappadeaux*, Case No. 1:22-cv-667-DRC-KLL.[1] In

---

[1] Plaintiff's objection to the Report and Recommendation ("R&R") filed in Case No. 1:22-cv-667-DRC-KLL remains pending before the presiding district judge. In another employment discrimination case, *Stansberry v. Raising Caines*, Case No. 1:22-cv-543-JPH-KLL, Magistrate Judge Karen Litkovitz granted Plaintiff leave to proceed *in forma pauperis* but filed an R&R that recommended granting Defendant's motion to compel arbitration and dismissing the case. (*Id.*, Doc.15). Plaintiff's objection to the R&R filed in Case No. 1:22-cv-543-JPH-KLL also remains pending before the presiding district judge.

the above-captioned case, Plaintiff represents that as of January 5, 2023, he has $10,000.00 in "cash on hand or in a savings, checking or other account." That sum represents a significant increase from the $5,000.00 that Plaintiff previously reported in Case No. 1:22-cv-667-DRC-KLL.

Based upon the responses provided on the *in forma pauperis* application in this case, the undersigned fully concurs with Magistrate Judge Litkovitz's prior analysis:

> The Court is unable to conclude from plaintiff's affidavit that his income and assets are insufficient to provide himself with the necessities of life and still have sufficient funds to pay the full filing fee of $402.00 in order to institute this action. *See Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). Therefore, plaintiff's motion to proceed *in forma pauperis* should be denied.

(Case No. 1:22-cv-667-DRC-KLL, Doc. 2 at 1, PageID 360). The undersigned further notes that because Plaintiff is not entitled to file his complaint *in forma pauperis*, the complaint has not been filed of record or screened under 28 U.S.C. § 1915(e)(2)(B) to determine whether it is legally frivolous for failure to state a claim.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT**:

1. Plaintiff's motion to proceed in *forma pauperis* be DENIED;

2. If this recommendation is adopted, that Plaintiff be GRANTED an EXTENSION OF TIME of thirty (30) days from the date of any Order adopting the Report and Recommendation to pay the required filing fee of $402.00. Plaintiff should be notified that his complaint will not be deemed "filed" until the appropriate filing fee is paid, *see Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998), and that if he fails to pay the filing fee within thirty (30) days this matter will be closed.

      *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BRETT STANSBERRY,

    Plaintiff,

    v.

POLICE DEPARTMENT (SPRINGDALE OH),

    Defendant.

Case No. 1:23-cv-06

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).