UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRETT STANSBERRY, | : | |
| *Plaintiff*, | : | Judge Jeffery P. Hopkins |
| | : | |
| v. | : | Case Nos.: |
| | : | |
| (1) POLICE DEPT. (SPRINGDALE OH), | : | (1) 1:23-cv-00006-JPH-SKB |
| | : | |
| (2) CURRITOS, | : | (2) 1:23-cv-00038-JPH-SKB |
| | : | |
| (3) VILLAGE OF ST. BERNARD, | : | (3) 1:23-cv-00100-JPH-KLL |
| | : | |
| (4) CITY OF CINCINNATI, | : | (4) 1:23-cv-00266-JPH-KLL |
| | : | |
| (5) FAMILY DOLLAR, | : | (5) 1:23-cv-00267-JPH-KLL |
| | : | |
| (6) XAVIER UNIVERSITY ET AL, | : | (6) 1:23-cv-00268-JPH-KLL |
| | : | |
| *Defendant(s)*. | : | |

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS**

This matter is before the Court in the above-captioned cases—all brought by Plaintiff Brett Stansberry, without the assistance of counsel—asserting claims of harassment and/or discrimination against various entities. In each case, Plaintiff filed a motion for leave to proceed *in forma pauperis* (collectively, the "IFP Motions") and the Magistrate Judge assigned to the case issued a Report and Recommendation (collectively, the "R&Rs") recommending denial of the applicable IFP Motion. Plaintiff timely objected to the R&Rs. Because of the similarities and overlap in the IFP Motions, the R&Rs, and Plaintiff's objections, the Court has opted to issue a single decision addressing the filings in each case.

The following chart is a listing of the relevant IFP Motions, R&Rs, and objections:

| Case No. / Defendant | IFP Motion | R&R | Objection |
|---|---|---|---|
| 1:23-cv-00006-JPH-SKB<br>Police Dept. (Springdale OH) | Doc. 1<br>*Filed 1/5/23* | Doc. 2<br>*Filed 1/10/23* | Doc. 3<br>*Filed 1/23/23* |
| 1:23-cv-00038-JPH-SKB<br>Curritos | Doc. 1<br>*Filed 1/23/23* | Doc. 4<br>*Filed 2/9/23* | Doc. 5<br>*Filed 2/21/23* |
| 1:23-cv-00100-JPH-KLL<br>Village of St. Bernard | Doc. 1<br>*Filed 2/22/23* | Doc. 4<br>*Filed 2/28/23* | Doc. 5<br>*Filed 3/13/23* |
| 1:23-cv-00266-JPH-KLL<br>City of Cincinnati | Doc. 1<br>*Filed 5/4/23* | Doc. 3<br>*Filed 5/15/23* | Doc. 7<br>*Filed 5/25/23* |
| 1:23-cv-00267-JPH-KLL<br>Family Dollar | Doc. 2<br>*Filed 5/4/23* | Doc. 3<br>*Filed 5/15/23* | Doc. 6<br>*Filed 5/25/23* |
| 1:23-cv-00268-JPH-KLL<br>Xavier University et al | Doc. 1<br>*Filed 5/4/23* | Doc. 3<br>*Filed 5/15/23* | Doc. 4<br>*Filed 5/25/23* |

A district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Objections must be "specific" to be proper; general or unspecific objections are treated the same as a failure to object. *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). And "there is no requirement for a district court to review aspects of a magistrate judge's report where a party has failed to make specific objections." *Anderson v. Cnty. of Hamilton*, 780 F. Supp. 2d 635, 642 (S.D. Ohio 2011) (citing *Thomas v. Arn,* 474 U.S. 140, 149–50 (1985)). Parties are generally not allowed to raise in an objection "new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

In the IFP Motions, Plaintiff reported either that he was employed but was unsure of his income (*Police Department*, *Curritos*, *St. Bernard*) or that he was unemployed (*Cincinnati*, *Family Dollar*, *Xavier*). Although the IFP Motion in *Police Department* failed to list creditors or

monthly expenses, his later applications reflected expenses between $800 and $2,000, with the higher range including $400 per month in "miscellaneous" expenses and $700 per month in "court related stuff." The various IFP Motions also reflected that Plaintiff had between $8,000 and $10,000 in a bank account.

In each R&R, the Magistrate Judge concluded that the respective IFP Motion should be denied because "[t]he Court is unable to conclude from plaintiff's affidavit that his income and assets are insufficient to provide himself with the necessities of life and still have sufficient funds to pay the full filing fee of $402.00 in order to institute this action." These conclusions were drawn from a combination of Plaintiff's fairly significant amount of cash-on-hand and the ambiguities present in the IFP Motions regarding Plaintiff's income and/or expenses.

The Court has carefully read through the objections Plaintiff filed to the R&Rs. In general, the objections either provided new information or addressed matters unrelated to the IFP Motions and the pending R&Rs. Plaintiff, as applicable, provided more information regarding his monthly expenses and/or clarified that he was not earning any money at the present time. Plaintiff also shed light on his "court costs" category of expenses, which includes courier costs for mailing information and evidence to the EEOC and Civil Rights Commission, USB flash drives used to submit voluminous evidence, and taxi rides to the courthouse for purposes of filing. A few of Plaintiff's objections veer off into alleging harassment or discrimination by third parties (i.e., not the defendants), including courthouse employees and members of the Clerk's Office.

The Court has reviewed the findings and conclusions of the Magistrate Judges and, even where it need not do so, considered *de novo* the filings in these cases. Having done so, the Court determines that the R&Rs in all six cases should be adopted and Plaintiff's IFP

3

Motions should be denied. However, given that the deficiencies appear to be largely caused by incomplete information—and considering the liberal treatment generally provided to self-represented litigants—the Court finds it appropriate to give Plaintiff an opportunity to file renewed IFP motions that fully account for all his income, assets, expenses, and liabilities.

Accordingly, it is hereby **ORDERED** that Plaintiff's objections are **OVERRULED**, the R&Rs are **ADOPTED**, and the IFP Motions are **DENIED**. Plaintiff is **GRANTED** an additional **thirty (30) days** from the date of this Order to **either (1) file new IFP motions for each case or (2) pay the required filing fee of $402.00 per case**. Plaintiff's complaints will not be deemed "filed" in the respective cases until the appropriate filing fee for that case is paid, *see Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998), or waived after consideration of a new IFP motion filed in the case. Failure to file a renewed IFP motion or pay the filing fee within thirty (30) days in each respective case will result in dismissal of that case.

**IT IS SO ORDERED.**

Dated: September 29, 2023

*/s/ Jeffery P. Hopkins*
Hon. Jeffery P. Hopkins
United States District Judge