# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

BRETT STANSBERRY,

    Plaintiff,

v.

POLICE DEPARTMENT (SPRINGDALE OH),

    Defendant.

Case No. 1:23-cv-06

Hopkins, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On January 5, Plaintiff Brett Stansberry sought leave to proceed *in forma pauperis* in the above-captioned case, pursuant to 28 U.S.C. § 1915(a)(1). On January 10, 2023, the undersigned filed a Report and Recommendation ("R&R") that Plaintiff's motion be DENIED (Doc. 2). On September 29, 2023, the presiding district judge adopted the R&R as applied to this case and to five additional related cases,[1] directing Plaintiff to either file a new *in forma pauperis* motion for each case or to pay the required filing fee within thirty (30) days. (Doc. 22). The Order notified plaintiff that failure "to file a renewed IFP motion or pay the filing fee within thirty (30) days in each respective case will result in dismissal of that case." (*Id.*).

---

[1] Plaintiff has filed nine cases that have been determined to be related: Nos. 1:22-cv-543-JPH-KLL, 1:22-cv-667-JPH-KLL, 1:23-cv-06-JPH-SKB, 1:23-cv-38-JPH-SKB, 1:23-cv-100-JPH-KLL, 1:23-cv-266-JPH-KLL, 1:23-cv-267-JPH-KLL, 1:23-cv-268-JPH-KLL. (*See* Docs. 7, 9, 16, 19). On September 8, 2023, Plaintiff filed a ninth related case, No. 1:23-cv-568-JPH-KLL. In one of the two cases filed in 2022, Case No. 1:22-cv-667-JPH-KLL, Plaintiff paid the requisite filing fee. In another employment discrimination case filed in 2022, No. 1:22-cv-543-JPH-KLL, the Court dismissed the lawsuit after granting the Defendant's motion to compel arbitration. In his most recently filed case, Magistrate Judge Litkovitz granted Plaintiff leave to proceed *in forma pauperis* but recommended dismissal of the complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff failed to comply with the Court's Order in this case as well as in other related cases, including *Stansberry v. Village of St. Bernard*, No. 1:23-cv-100-JPH-KLL. In the above-captioned case, Plaintiff filed a "Response to Forma Pauperis" on October 16, 2023, and a "Notice of Evidence" accompanied by a flash drive on October 30, 2023. (Docs. 23, 24). On the same dates, Plaintiff filed similar responsive documents in *Stansberry v. Village of St. Bernard*.[2]

On November 2, 2023, Magistrate Judge Karen Litkovitz filed an R&R in No. 1:23-cv-100-JPH-KLL that recommended the dismissal of that case with prejudice for failure to comply with the Court's Order and failure to prosecute. Although Judge Litkovitz's R&R is limited on its face to the case in which it was filed, the undersigned finds its reasoning to be fully applicable to the above-captioned case. Therefore, in the interests of judicial economy, the undersigned adopts and incorporates Judge Litkovitz's analysis:

> To date, more than 30 days later, plaintiff has not filed a renewed IFP motion or paid the filing fee in this matter. Rather, plaintiff has filed a "Response to Forma Pauperis" … and a Notice of Evidence accompanied by a flash drive that plaintiff alleges "covers harassment at work, home, the movies, the court house, and other places that is clearly illegal." …. These filings, however, are not responsive to the Court's September 29, 2023 Order. Neither filing includes a completed IFP motion or the requisite filing fee as ordered by the Court.
>
> "Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to either file a renewed IFP motion or pay the required filing fee of $402.00 for this matter in accordance with the Court's September 29, 2023 Order (Doc. 17) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b)

---

[2]In the above-captioned case, Plaintiff also filed a "Notice" of a dismissal order concerning a state court case that he believes to be relevant, (Doc. 25), and a "motion to verify use of USB Sticks. (Doc. 26). Also pending before the Court in the instant case is a "motion for investigation in harassment." (Doc. 18). Plaintiff's "Notice" requires no further review but his pending non-dispositive motions are denied as moot by separate order in light of this R&R.

for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

*See id.*, No. 1:23-cv-100-JPH-KLL, Doc. 20 at 1-2, PageID 62-63. Plaintiff's filings in the above-captioned case similarly fail to comply with the Court's September 29, 2023 Order.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT**:

1. This case be **DISMISSED with prejudice** for want of prosecution pursuant to Fed. R. Civ. P. 41(b);

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal in forma pauperis. Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

      *s/Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BRETT STANSBERRY,

    Plaintiff,

v.

POLICE DEPARTMENT (SPRINGDALE OH),

    Defendant.

Case No. 1:23-cv-06

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4