# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BRETT STANSBERRY, | : |
| *Plaintiff*, | : Case No. 1:23-cv-6 |
| vs. | : Judge Jeffery P. Hopkins |
| POLICE DEPARTMENT (SPRINGDALE OH), | : |
| *Defendant*. | : |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation (Doc. 40) issued by Magistrate Judge Stephanie K. Bowman on July 19, 2024. The Magistrate Judge recommends that Defendant's Motion to Dismiss (Doc. 38) be granted. Plaintiff has filed objections to the Report and Recommendation.[1] *See* Doc. 41.

For the reasons set forth herein, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation in its entirety. The Court thus **GRANTS** Defendant's motion to dismiss and **DISMISSES** Plaintiff's Complaint with prejudice.

## I. LAW AND ANALYSIS

A district judge must review *de novo* any objections to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(3). Review applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1

---

[1] Plaintiff represented in his objections that he never received a copy of the Report and Recommendation (Doc. 40). He indicated that he received information from the Clerk. Based on his representations, the Court mailed a second copy of the Report and Recommendation to Plaintiff on July 30, 2024, and extended the deadline for objections until August 13, 2024. Plaintiff, however, has not filed any additional objections.

(S.D. Ohio Sept. 30, 2013). If presented with a proper objection, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). General or unspecific objections are treated the same as a failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *see Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Having carefully reviewed the comprehensive findings and conclusions of the Magistrate Judge and considered *de novo* all filings in this case, with particular attention to the issues as to which Plaintiff lodged objections, the Court determines that the Report and Recommendation should be adopted.

The general nature of Plaintiff's objections is largely tantamount to a failure to object. Rather than offer factual details that would state cognizable claims, Plaintiff asserts—in a conclusory manner—that the Magistrate Judge failed to consider the evidence that he has supplied to the Court. Doc. 41, PageID 222–23. However, Rule 12(d) requires this Court "to exclude matters outside the pleadings when addressing a motion to dismiss under Rule 12(b)(6)." *Caraway v. Corecivic of Tenn., LLC*, 98 F.4th 679, 687 (6th Cir. 2024) (cleaned up). The Magistrate Judge did not err in excluding such matters from consideration here.

On a separate note, Plaintiff appears to clarify in his objections that he intended to raise a claim for malicious prosecution. But despite this clarification, he fails to offer anything more than "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 557 (2007). To prevail on a malicious prosecution claim under 18 U.S.C. § 1983, Plaintiff must first show that the officers "participated in or influenced the decision to criminally prosecute him." *Novak v. City of Parma*, 33 F.4th 296, 307 (6th Cir.

2022). In his Complaint, Plaintiff alleges that "police worked up charges" and that "case was dismissed and dropped." Doc. 36, PageID 201. Plaintiff does not even state the type of charges to which he refers, nor when or where the charges were brought. These vague allegations without any additional detail or context are not "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This is especially true when Plaintiff's vague allegations are coupled with perplexing (and seemingly bizarre) assertions like "people crab walking across the lawns and taking control of Gold Star Chili." Doc. 36, PageID 201.

## II. CONCLUSIONS

Considering the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 40) in its entirety. It is therefore **ORDERED** that Defendant's Motion to Dismiss (Doc. 38) is **GRANTED** and that this case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

November 26, 2024

Jeffery P. Hopkins
United States District Judge